Before you launch into your oral argument, I'll give you an extra minute to do that so it doesn't come out of your tongue, okay? Sure, thank you, Your Honor. This case is an appeal from the order of the trial court allowing an injunction in a case involving a university in which a young man, John Doe, was found responsible in a university disciplinary hearing for committing sexual misconduct with another student at Boston College. He was found to have engaged in sexual conduct with this young woman without her consent. Okay, counsels, thank you. As you can tell, lawyers are always advocates. All right. Please proceed. I didn't mean to advocate. I'm sorry, Your Honor. Good morning, and may it please the Court. My name is Darrell Lapp, and I represent Boston College. The district court's order allowing a preliminary injunction in favor of John Doe should be reversed because the court erred as a matter of law when it concluded that Doe had a likelihood of success on his breach of contract and basic fairness claims. The district court made that ruling based on its conclusion that before suspending Doe, Boston College had to afford him a hearing which involved real-time cross-examination of the complainant or afforded some opportunity for real-time cross-examination of the complainant as a matter of basic fairness. We submit that that conclusion on the part of the district court is contrary not only to established principles of Massachusetts law, but also contrary to this Court's holding just a year ago in another case with the caption, John Doe versus trustees of Boston College. Counsel, is it relevant that in that prior case that you just mentioned that the procedures in place at Boston College were very different than the procedures that were involved in this case? Is it not so that at that time the hearing model was in place at Boston College? This kind of sexual misconduct case, not what's called the investigatory model that's now in place, is that at all relevant to the basic fairness issue that we're dealing with? No, it's not, Your Honor. Your Honor is correct that there was a hearing model in place at that time. But the crux of this Court's decision in that case when it came up for appeal was the central holding that in relation to basic fairness, the university's obligations are described in its formal procedures. That the Court said, whereas in this case, Boston College makes a promise of fundamental fairness, that promise becomes superfluous and the Court's job in determining whether basic fairness was afforded is done by examining whether the university complied with its stated procedures. And it was important in doing that that the Court rejected every argument that the plaintiff offered in that case for a procedure that was different from or in addition to the ones that B.C. afforded. That is the critical point in the case, not that the Court didn't rule the procedures here were fair because they involved a hearing. The Court ruled, rather, B.C. met its obligation of basic fairness because it comported with the procedures that it had published. But you're not, I think you made clear you're not suggesting that the issue of basic fairness is resolved by simply looking at what procedures a university chooses to afford. That clearly the procedures afforded by a university could fail to meet some basic concepts of basic fairness and simply complying with those deficient procedures would not meet that basic fairness requirement. You acknowledge that, don't you? We do, Your Honor. This Court has said that there is an independent obligation of basic fairness that arises separate from and in addition to the university's procedures. And the Massachusetts courts say that and we apply Massachusetts law and I'd like you to please keep the distinction between state court decisions and First Circuit decisions in mind. Yes, Your Honor. In making that statement, what this Court was doing was citing to Covini, most particularly, but it also had reference to Shire v. Brandeis, Driscoll v. Trustees of Milton Academy. All of these are cases that stand for the proposition that as a matter of Massachusetts state law, what that independent obligation of basic fairness amounts to is notice and an opportunity to be heard. That is what the obligation of basic fairness requires. A different articulation of it, which comes both from Covini and then it's reaffirmed in Driscoll and Shire, is the proposition that the school can't act in a way that is arbitrary and capricious or in bad faith. But if you read the Massachusetts cases, it's clear, we submit, that what that reduces to is notice and an opportunity to be heard. In no case has a Massachusetts court said that the obligation to provide basic fairness includes an obligation to provide for some procedural right that is different from or in addition to what the university's procedures entailed. And so we see in Covini and Driscoll and with all due respect to your honor's admonition, we see in later federal court cases applying Massachusetts law in case after case, courts reject arguments for procedures that are different from or in addition to those that the university provides. The district courts seem to take the view that this concept of basic fairness is an evolving concept that can be informed by concepts of due process and arguably that's what the district court felt it was required to do and it used HIDAC understanding that that was a case involving a public university. But it drew upon it to inform a concept of basic fairness which it seemed to think was an evolving concept and it attempted to apply its understanding of where Massachusetts law might now be in light of further developments in the law. Is that a fair or inaccurate reading of what the district court did? I submit your honor that that's an overly generous interpretation of what the district court did. I don't think the district court's opinion or the rationale that Judge Woodlock offered at oral argument can really be summarized as an attempt on his part to describe what Massachusetts law is or where Massachusetts law is going to go based upon a reading of Massachusetts state court cases. He didn't do that. Instead what he did was say I think HIDAC is controlling on me here because the language in HIDAC says what due process requires of a university in a disciplinary case like this one is an opportunity for real-time cross-examination and he emphasized the fact that the court in HIDAC said this is what due process requires of universities without specifically making reference to public universities. That's an awfully thin read to rest on where of course the court in HIDAC was only addressing what due process requires under the Constitution in the context of a public university. So I don't think Judge Woodlock was trying in any way I shouldn't say it that way Judge Woodlock can't be seen to have been engaged in an interpretation of Massachusetts state court cases rather he was I submit making a prediction of where he thinks Massachusetts law ought to go and we submit that it was improper for him to go there in a way that departs from Massachusetts precedent. No, he didn't even say that. You know, it's quite clear that federal courts cannot extend state law and that's up to the states to do. Judge Woodlock's decision does not refer to extending state law that would have involved an analysis of where state law is and has been rather he said he thinks it's controlled by HIDAC. That's right and we obviously submit that that was error on his part to have done so and we just don't think that there's a way to reconcile the holding in HIDAC with Covini, Driscoll and the other Massachusetts state court cases that we've cited. Those cases emphasize repeatedly the notion that there is a difference between private and public institutions and with private institutions under Massachusetts law they are to be afforded wide latitude and broad discretion in fashioning their disciplinary procedures. That's language that you don't see in cases involving public institutions and the constitutional right to due process. I'd like to go back to one of your earlier statements. You equated fundamental fairness with not being arbitrary and capricious but that standard actually comes from a case in which there was not a contractual statement of we will treat you fairly. Are you really saying that to meet fundamental fairness all you have to be if you're a school is not arbitrary and capricious? I thought actually the contractual obligation had a little bit more to it than that. I think the contractual obligation the express contractual obligation is to abide by your procedures as you've articulated them and as a student would reasonably be expected to understand them. The applied obligation of basic fairness we submit is that of notice and an opportunity to be heard as a matter of procedure. Let's put notice to one side. Why do you think the opportunity to be heard was fulfilled by these procedures? The respondent in this case was involved in an ongoing iterative process in which he was interviewed more than once in which he was informed completely we submit as to the nature of the allegations against him and not just what the nature of the charge was but the specifics of what Jane Roe was saying in support of her complaint against him. He was afforded the opportunity to understand what she was saying and respond to it in the multiple interviews he had with the investigators and then perhaps most importantly before the investigative report was finalized he and his counsel and it's not insignificant we submit that he had the assistance of counsel throughout this process he and his counsel had the opportunity to review a complete evidence binder which included any text messages or documentary evidence that the investigators had collected and most importantly summaries of all of the interviews that the investigators had done. Counsel, how does that process allow for a decision maker to make a judgment about the credibility of the complainant? I think the premise of HIDAC you can quarrel whether HIDAC applies but it does embody concepts of fundamental fairness in a situation where credibility is at issue and the notion seems to be that a fact finder has to be in a position in real time to evaluate the credibility of someone and that judgment can only be made by observing, watching how an individual responds to questions posed about what happened and the process that you're describing does not seem to involve at all that opportunity for a fact finder and perhaps more importantly a decision maker to make that judgment on credibility. The fact finder and the decision maker are one and the same here This is an investigative model where a pair of investigators conducts the investigation and makes the findings of fact including whether there's been a violation of the code of conduct but it's important to note that the investigators here had that opportunity not once but on multiple occasions to observe the complainant in real time as she responded to its questioning and it wasn't just the investigators questions that they came up with it was the investigators questions informed by input from John Doe and his attorney as to what they should be looking for in assessing the complainant's credibility what aspects of her story should be probed for inconsistencies all of that was done by the investigators in real time with an opportunity to observe the complainant and in doing so to assist their judgment about her credibility so it's absolutely the case that we say HADEC doesn't control here HADEC is a case that ought to be read as it states on its face as one involving the constitutional right to due process it doesn't apply to a private institution but even if one were to apply the principles of HADEC this is a process that met the essential requirements of HADEC what the court concluded in HADEC was that the board in that case managed to conduct a hearing reasonably calculated to get at the truth by allowing the respondent to be heard after the complainant's story had been elicited and by examining the complainant in a manner reasonably calculated to expose any relevant flaws in her claims that's where the court in HADEC landed as to what's required even at a public university and that plainly was done here there was an iterative process John Doe had a chance to not only tell his story but to respond to her story and the process was reasonably calculated to get at the truth in every way that the court in HADEC identified thank you counsel thank you your honors attorney Gerson good morning your honors and may it please the court what is at issue here is whether basic fairness requires an opportunity to have one's questions put to the other side in a university disciplinary hearing and we agree that the central inquiry is about the notice and opportunity to be heard what does an opportunity to be heard actually require the requirement of basic fairness is independent of the school's duty to follow the rules that it sets forth in its discipline policies and in giving meaning to the concept of basic fairness courts may refer to the due process standards of public universities in evaluating a private school's discipline process counsel, don't the Massachusetts cases make clear that the private university does not have to comply with due process requirements in other words, they clearly have chosen not to constitutionalize in the way that you may be suggesting what basic fairness means in the private university setting so it seems to me you're asking us to go beyond where Massachusetts law now is on this issue of basic fairness your honor, that is not what we are asking because I think it is clear from looking at Massachusetts case law that it is not required to provide due process in the way you would provide it for a criminal defendant that is the language of share it says due process for a criminal defendant and that is very clearly agreed upon by both sides I'm sorry, I think you're missing the import of the question it's common that of course private universities are not subject to the same standards as public universities you were asked whether in your concept of fundamental fairness you are asking us to go beyond the existing state of Massachusetts law on fundamental fairness and to respond in due process terms excuse me, is really not responsive to the underlying concern judge, my apologies if you misunderstood if I misunderstood Ms. Gerson apologies Judge Lynch I was trying to answer Judge Lopez's question with respect to the standards of basic fairness which may be referring to what due process may require I do not ask the court to go beyond where Massachusetts law has been in this area because to be honest, there are no Massachusetts cases that directly address the situation what the cases say is of course that you do not need to provide due process the way that you would for a criminal defendant but that does not mean that you don't look to due process standards for public universities in informing what basic fairness in a contract between a student and a college would require here in the case of a private university the student has an expectation that they will be treated with fundamental fairness and the question here really is one for this court not only for Massachusetts courts but because it is properly before this court the court needs to decide whether the basic fairness the content of that basic fairness includes an opportunity to be heard which in itself requires a certain very basic process which is the opportunity to have some questions put to the other side in a real-time situation not in a formal hearing your opponent has argued that in fact under the procedures followed that opportunity was given because each time the complainant was interviewed the investigators did so at least the second and third interview with the benefit of the input from your client and you can turn that around since his statements were also subject to what she said that he was asked specifically about her comments why isn't that sufficient? I would beg this court not to take at face value the statement that what happened in these interviews was exactly what my opponent says happened he claims that both sides were told the statements on the other side in their interviews that is not the case and the district court did not so find so our complaint here involves the idea that only in a real-time hearing could that kind of knowledge of what the other side is saying fully come to fruition in this case especially however the interviews did not involve each side being told of what the statements were there are some processes like that and I have been part of processes like that this one did not involve that it did not involve a chance for each side to actually respond to the statements that were put to the other side you say I think in your briefing that your client could reasonably expect that the process afforded by BC would be just as you describe I don't understand the basis for that assertion because there is nothing the assertion that your client could expect to be afforded a process comparable to HIDAC which is what you are arguing for I don't know where that reasonable expectation would come from when there is nothing in the procedures set forth by Boston College for investigating a sexual misconduct claim there is nothing there that suggests that they are going to afford that type of procedure so it seems to me you are really arguing for a court to order a supplement to the procedures that are set forth and that your client could reasonably expect I guess to make it more simple I don't know where you get the sense that your client could reasonably expect that Boston College would afford the HIDAC type process that you are arguing for I think that is a key question that the reasonable expectation really has to do with three different things in this case in this particular case the BC policy explicitly says that the student will have an opportunity to review and respond to available evidence so the question is what does the reasonable opportunity to review and respond to available evidence consist of we would submit that that opportunity includes responding to the statements of the other side as they are happening in addition by this time in 2016 Dover and the district court had expressed very grave concerns about the lack of cross-examination opportunity so schools certainly in this area private schools were on notice that this was something that courts were going to take into account in evaluating whether basic fairness existed in the case and in addition the requirement of fundamental fairness which is explicitly set out in the sexual misconduct in the code of student code of conduct all three of those things together combined to create a reasonable expectation that the policy would entail some kind of opportunity like this it certainly didn't say it wouldn't be provided no policy that BC provided said it wouldn't be provided Ms. Gerson this may help I understand the reasonable expectation argument to be independent of the fundamental fairness argument which is to say it could be that there was no reasonable expectation of different procedures but nonetheless if the procedures are not fundamentally fair there could be a violation are we agreed on that yes we are agreed on that I think there are really two problems here it is the reasonable expectation that a student could have and then there is the basic fairness regardless of what the reasonable expectation is ok on basic fairness your argument seemed to be that because the other side was not given a transcript of the interview with the accuser or the accused that that meant that there was no opportunity for cross-examination even if the investigators took the information and used it to inform their examination of the other side have I got it right yes Judge Lynch they could have used it to inform but that is not in any way the same as telling the other side what was said ok this seems to be an attack on the investigative model as opposed to the hearing model may I answer Judge Lynch our position is that this kind of real-time opportunity for putting questions to the other side is perfectly compatible with the investigative model because it could be done with the investigator rather than with a separate hearing officer so what should on your view BC have done differently here I've referred to providing transcripts is that part of what you say was lacking in their procedures I think providing transcripts would certainly have made the process more fair but it may be that just the providing transcripts may not satisfy the idea of real-time opportunity to respond to questions however I do agree that that would be far more fair because the parties have a chance to actually respond I don't understand this real-time concept could you flesh out what you mean by it yes the real-time concept is well of course real-time like we're having here this is a hearing but that's not what we're asking for it's not a trial type of hearing but it could be done in a lot of different ways it could be done through video conference it could be done in a meeting that's not very formal it's really a chance for each side to hear the other side to react, to put questions and also have follow-up questions based on the kind of credibility issues that are coming up in a case that is centered specifically on credibility it is very important for each side to show how the other side might not be telling the truth or they might be confused I think that credibility really makes this a necessary opportunity from what you just said I gather you're not saying that this real-time phenomenon has to involve a board of some kind observing the back and forth between the parties and perhaps the representatives with that board not having been involved in the investigation but just hearing the competing claims you're not saying that there has to be a board like that making a credibility determination you're not arguing for that, is that correct? We're not arguing for that, we're arguing for it could be in a single investigator model or it could be in a hearing model really just that basic idea of an opportunity you need to put questions to the other side in a case that involves credibility and in a case with serious consequences and a very serious charge it sounds like it amounts to saying there has to be cross-examination I do not think it amounts to cross-examination cross-examination is a very particular thing that we know from courts however, asking questions or not even directly asking questions and not even asking questions through one's attorney it could be written questions that are put to the other party but it would be through a neutral decision maker or through a neutral party that is part of the investigative process it could be the investigator himself or herself but in some way an opportunity to have one's questions put to the other side to test and probe the credibility of the accounts that have come through how exactly is that different from cross-examination? cross-examination is generally done by having one's attorney directly ask questions of the party that's being cross-examined this is not at all what we are asking for what is it that you're asking for? what we're asking for is to have for one example, I think that there are many ways that this can be done this is not a one-size-fits-all or a rigid way I will give you an example one is that each party can draw up a list of questions say before the real-time event that's going to happen it could be done through teleconference or videoconference and then those questions would be transferred to say the neutral person who is probably the decision maker or it could be someone else the decision maker then puts the questions to the other side so it's cross-examination through a proxy it could be through a proxy but that proxy also would have discretion to not ask some of the questions that's an answer to the question counsel, even if what we were to do what you described in response to Judge Bedeen's question would we inescapably be saying that Massachusetts law we would be taking Massachusetts law in terms of what it would require of a private university to a place where it just isn't there now we would be saying that we would be making some kind of prophecy that we think this is where Massachusetts law would be we would be expanding the boundaries of Massachusetts law substantially is that what we would be doing? I don't think so, Judge Lynch Judge Lopez, I'm sorry we've never been concerned before this is the first time for other things I would say that that is not the case it has been in the past that the First Circuit is called upon to answer these questions of what Massachusetts law entails for example, in Cloud this court articulated for the first time the reasonable expectations test which then Massachusetts courts adopted subsequently and it did that this court did that because the question before it required clarification on what a breach of contract claim between students and universities required this is very similar in that really we are asking for clarification in light of the legal regime that we have the underlying student policies and the way in which the law in the area including Doe v. Brandeis has affected people's reasonable expectations of what's required for basic fairness that all of those things tell this court that it may be that HADAC in particular informs the understanding of what basic fairness is and what a reasonable opportunity to defend oneself thank you